```
UNITED STATES BANKRUPTCY COURT
NEW JERSEY
TRENTON DISTRICT
```

|  |  |
|---|---|
| ------------------------------------------------------x<br>In Re:<br>    CRYSTAL RAMIREZ<br>           Debtor.<br>_____x<br>In Re:<br>    CRYSTAL RAMIREZ<br>           Plaintiff<br>v.<br><br>    PNC BANK N.A<br>           Defendant<br>------------------------------------------------------x | Chapter 7<br>Case No.: 12-34475<br>Hon Kathryn C. Ferguson<br><br><br><br><br><br><br><br>COMPLAINT |

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING FOR DECLARATORY JUDGMENT,

## AND FOR DAMAGES FOR CIVIL CONTEMPT FOR WILLFUL REFUSAL TO COMPLY WITH THE COURTS REDEMPTION ORDER AND VIOLATION OF THE DISCHARGE INJUNCTION AND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

COMES NOW, CRYSTAL RAMIREZ herein, by counsel, Michelle Labayen of the Law Office of Michelle Labayen PC who hereby complains as follows

### *INTRODUCTION*

1. This is an action for damages filed by the debtor pursuant to 9020 the Bankruptcy Code and Rules 7001 & 2016 of the Federal Rules of Bankruptcy procedure and violation of 11 U.S.C 524 et seq (Violation of the Discharge Injunction)and for injunctive relief to prohibit future violations of the Bankruptcy Order of Redemption from this Court.

2. Defendant violated the Federal and New Jersey State FDCPA by threatening to communicate false credit information, including the failure to communicate that a debt is disputed in violation of 15 U.S.C 1692(e)(8).

3. This action is filed to enforce and to implement provisions of the Redemption Order and other Bankruptcy code provisions and Rules related thereto.

4. The Plaintiff is also seeking the recovery of actual and punitive damages from the defendants pursuant to section 105(a) of title 11 of the United States Code.

5. The Plaintiff alleges that PNC Bank N.A displayed willful civil contempt for this court by violating the Redemption Order by harassing the debtor for additional payments in the amount of $2386.53 in violation of this Court's Order.

6. The Plaintiff alleges that PNC Bank N.A violated the Discharge Injunction by attempting to collect a debt that is not owed.

7. The Plaintiff alleges that PNC Bank N.A falsely reporting information to third parties with the intent to damage the debtor's credit rating and deny her of her "fresh start".

8. The plaintiff further alleges that as a direct and proximate result of the defendants actions, conducts, omissions, she suffered actual damages including but not limited physical stress, sleeplessness, emotional stress, embarrassment, loss of appetite, strained personal relations, damage to her reputation, annoyance, aggravation and unprecedented frustration.

## *JURISDICTION*

9. Jurisdiction is confirmed on this Court pursuant to the provisions of Section 157(b) of Title 28 of the United States Code and Sections 9014 of the Bankruptcy Code, and Rules 7001 and 2016 of the Bankruptcy Rules.

10. This matter is a core proceeding and therefore the Bankruptcy court has jurisdiction to enter a final order.

11. Venue is property pursuant to Section 1391(b) of Title 28 of the United States Code.

## *PARTIES*

12. The Plaintiff in this adversary resides at 477 Horizon Drive Edison, NJ 08817.

13. The Defendant, PNC Bank NA is a national corporation with its principal place of business located at 249 Fifth Avenue, 20th Floor, Pittsburgh, PA 15222 that is the subject of this adversary proceeding.

## **FACTUAL ALLEGATION**

10. On or about October 6, 2012 the Debtor filed for Chapter 7 Bankruptcy Protection.  The Debtor's financial hardship began around 2011 when her husband suffered injuries which kept him for working for nearly 9 months.

11. The debtor included the Mitsubishi Lancer on Schedule D of her petition with the fair market value of $1494.

12. On or about October 15, 2012  PNC Bank   provided to our office a reaffirmation agreement in regards to the debtor 2003 Mitsubishi Lancer which confirmed the fair market value of the car as $1494.00.

13. On or about December 6, 2012, the Debtor filed a Motion to redeem the 2003 Mitsubishi Lancer Pursuant to 11 U.S.C 722. ECF NO.: 5.

14. Discussions about the redemption took place between PNC bank and Debtor's counsel via email with Bankruptcy Specialist Dave Allebach.  Mr. Allebach did not object to the redemption and assisted with the lump sum payment for the redemption of the vehicle in the amount of $1494.00 ( Exhibit A).

14. On or about January 10, 2013, the Court Ordered for the Debtor's Motion to redeem to be granted. ECF No. 10. (Exhibit B)

15. On or about February 15, 2013, the Debtor made the lump sum payment to PNC Bank as ordered by the Court and directed by PNC Bank. The debtor requires the car to take her children to school and as a means to travel to work. The debtor saved the required $1494.00 as a way to begin her "Fresh Start".

16. The Debtor did not receive the title to the court in the following 5 months, however she did receive a phone call at her place of employment on May 1, 2013 demanding payment in the amount of $2386.53 ( Certification of Crystal Ramirez).

17. The Debtor received another phone call on May 9, 2013 on her cell phone while working with a hospice patient, again demanding $2386.53. (Ramirez Cert)

18. Despite the Debtor's insistence that she made payment on the car for the amount owed, PNC Bank demanded that the Debtor pay an additional $2386.53 for the balance of the car.

19. On July 23, 2013 the debtor received a letter stating that…. " Your delinquent account is scheduled to be charged off.  The charge off will be reported to credit

bureaus and may negatively impact your credit score.  Charge off notifies current and potential lenders of serious delinquencies and may make it difficult to obtain new credit. **Please call us immediately to make payment arrangements or discuss options that may be available to resolve your delinquent account status".**  (Exhibit C).

20. On information and belief PNC has reported to the credit bureaus that the debtor was delinquent on her payments and reported the delinquency as a "charge-off".

21.  On July 24, 2013, the Debtor filed a Motion to reopen her case. ECF No. 20.

## *AS FOR THE FIRST CAUSE OF ACTION  AGAINST PNC BANK NA*

22. The Plaintiffs incorporates and realleges the allegations contained in the factual allegations above.

23. To the extent that PNC  bank willfully  failed to comply with this court order and showed contempt for this court by denying the debtor the right to redeem the value of the car for $1494.00.

24. In bringing this action for civil contempt for this court's order, Plaintiffs have incurred attorneys fees and costs in addition to injunctive relief allowed under 11 U.S.C 105(a).  Plaintiff is entitled to an award of actual damages, punitive damages and reasonable attorneys fees and costs under 11 U.S.C §105(a).

25. PNC  Bank N.A  is liable to the plaintiff for the actual damages she has sustained by reason of its willful contempt of court, in an amount to be determined by the Trier of fact, together   but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit,

pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

### *AS AND FOR THE SECOND CAUSE OF ACTION AGAINST PNC BANK N.A*

26. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

27. The Defendant violated 11 U.S.C 524(a) with the continuation of an action to collect a debt that was discharged by this Court against the debtor.

28. Defendant is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the automatic stay, in an amount to be determined by the Trier of fact, together   but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

### *AS FOR THE THIRD CAUSE OF ACTION AGAINST PNC BANK NA*

29. The plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

30. Defendant violated the Federal and New Jersey State FDCPA by threatening or communicating false credit information, including the failure to communicate that a debt is in dispute of 15 U.S.C 1692(e)(8).

31. Defendant is liable to the plaintiff for the actual damages she has sustained by reason of its violation of the Federal and State FDCPA, in an amount to be determined by the Trier of fact, together but not limited to statutory, exemplary and punitive damages, out of pocket expenses, cost and time of repairing credit, pain, suffering, embarrassment, inconvenience, loss of incidental time, frustration, emotional duress, mental anguish, fear of personal and financial safety, security, attorney fees, and court cost and other assessments proper by law and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Enter judgment against PNC Bank NA;
2. Find PNC Bank N.A willful civil contempt of this court's order and order punitive damages;
3. Find PNC Bank NA violated the Debtor's discharge injunction and violated the Federal and State FDCPA by threatening to communicate false credit information

4. Find PNC Bank liable for any attorney's fees and costs associated with bringing this adversary preceding pursuant to 11 U.S.C 105(b); and any other relief that the court finds appropriate.

October 8, 2013  
Newark, NJ

_____  
Michelle Labayen 2960  
Attorney for the Debtor/Plaintiff  
One Gateway Center 26th Fl.  
Newark, NJ 07102  
973-622-8180